IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | NO. 16-320-1 |
| **MATTHEW CIRILO** | : | |
| | : | |

**MEMORANDUM**

**SCHMEHL, J.** */s/JLS*                                                                                   **FEBRUARY 16, 2021**

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Defendant pled guilty to two counts of distribution of methamphetamine (Counts One and Two); one count of distribution of cocaine (Count Four); one count of using and carrying a firearm during and in relation to a drug trafficking crime (Count Three) and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1)(Count Five). As part of his guilty plea agreement, Defendant reached an agreement with the United States that 106 months of imprisonment was an appropriate sentence. On April 18, 2017, the Court accepted the parties' sentencing agreement and sentenced Defendant to concurrent terms of 46 months of imprisonment on Counts One, Two, Four and Five, and a mandatory consecutive term of 60 months imprisonment on Count Three for a total term of imprisonment of 106 months. This term of imprisonment was 11 months below the low end of Defendant's federal guideline range of imprisonment of 117 to 131 months. Defendant did not appeal his conviction or sentence. Defendant's expected release date is June 25, 2023.

In 2019, the Supreme Court held in *Rehaif v. United States*, 139 S. Ct. 2191, 2194

(2019), that the knowledge element of § 922(g) [1]. "applies both to the defendant's conduct and to the defendant's status." Therefore, to convict a defendant, the Government "must show that the defendant knew he possessed a firearm and also that he **knew he had the relevant status** when he possessed it." *Id*. (emphasis added). Defendant has filed a *pro se* motion pursuant to 28 U.S.C. § 2255 in which he now challenges his conviction on Count Five in light of *Rehaif*. According to Defendant, "I was charged with being a felon in possession of a firearm. However, my indictment fails to adequately allege a federal offense under 18 U.S.C. 922(g) because I was not charged with 924(g)(2) which provides the *mens rea* knowing element necessary for a valid prosecution under 922(g)." Def.'s Mot. Vacate Sentence at 4 (ECF 31). Defendant also claims he entered into an unconstitutional guilty plea, arguing "[w]hen I plead guilty. I was doing so based on what my lawyer told me. At that time, I thought because I had been arrested I was "convicted." *Id*. at 5.

Section 2255 permits relief where a defendant's "conviction and punishment are for an act that the law does not make criminal." *Davis v. United States*, 417 U.S. 333, 346 (1974). A court need not hold a hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Defendant did not appeal his conviction, and therefore, did not raise any claims on direct appeal. Because Defendant did not previously raise on direct appeal the claim he now brings as the basis for collateral relief, that claim is procedurally defaulted. *See United States v. Frady*, 456 U.S. 152, 159 (1982). Accordingly, he may

---

[1] **18 U.S.C. § 924(a)(2) states that "[w]hoever knowingly violates" certain subsections of § 922, including § 922(g), "shall be" subject to penalties of up to 10 years' imprisonment. The text of § 922(g) in turn provides that it "shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition."**

raise it now only by demonstrating (1) "either 'cause' and actual 'prejudice,'" or (2) "that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 484 (1986)).

Cause for a procedural default exists where a claim is "so novel that its legal basis is not reasonably available to counsel." *Id*. "In this circuit, arguments under *Rehaif* are not sufficiently novel in the § 2255 context, as '[t]he issue . . . was percolating in the courts for years.'" *United States v. Vilella*, No. 16-CR-285-2, 2020 WL 6136139, at *3 (E.D. Pa. Oct. 19, 2020) (alterations in original) (quoting *United States v. Correa*, No. CR 08-459, 2020 WL 5517466, at *3 (E.D. Pa. Sept. 14, 2020)); see also *United States v. McLean*, No. CR 13-487-1, 2020 WL 7384898, at *1 (E.D. Pa. Dec. 16, 2020) ("Here, it cannot be said that the question in *Rehaif* was novel where it was repeatedly litigated in circuit courts."). Because Defendant cannot establish cause, the Court need not reach the issue of actual prejudice.

A defendant establishes actual innocence by showing that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Here, the question is whether Defendant knew at the time he possessed the firearm that he had previously been convicted of a felony. He claims he did not. However, the available evidence prevents Defendant from showing that, more likely than not, no reasonable juror would have found that he knew of his status as a felon. First, the Presentence Investigation Report, to which Defendant did not object, shows that on May 21, 2015, Defendant pled guilty in the Berks County Court of Common Pleas to possession with intent to distribute a controlled substance and receiving stolen property, arising from an arrest on December 23, 2014. He was

sentenced to a term of imprisonment of seven to 23 months, to be followed by six years' probation. Defendant was paroled in that case on August 4, 2015 and, according to the government, committed the first of his charged crimes in this case within 30 days of his release. Second, during the guilty plea colloquy, the Court asked Defendant whether he was under court supervision when he committed his crimes. Defendant replied in the affirmative. Tr., January 6, 2017, pp. 9-10. (ECF 28). Given these facts, Defendant would be unable to establish that at the time he committed these federal offenses he did not know he had been previously been convicted of a crime punishable by a term of imprisonment in excess of one year (12 months). Because Defendant can demonstrate neither cause nor actual innocence, he is unable to overcome procedural default.

Finally, the Court notes that even if it were to vacate Defendant's sentence with respect to Count Five, his total sentence would remain the same. This is because the sentence the Court imposed on Count Five was to be served concurrently with the 46-month sentence Defendant received on Counts One, Two and Four. The mandatory consecutive sentence of 60 months was imposed only on Count Three. Therefore, even if the Court were to vacate the sentence on Count Five, Defendant would still have to serve a total term of imprisonment of 106 months, a term that was 11 months below the low end of the federal guideline range and a term that Defendant agreed to.

Accordingly, the Court will deny his § 2255 motion. The Court further finds that Defendant has not made a substantial showing of the denial of a constitutional right and therefore the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c)(2).